UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

MARY E. WHITE,
            Plaintiff,

v.

SUPREME COURT OF NEW JERSEY, and
CHIEF JUSTICE STUART RABNER,
            Defendants.

Civ. Action No. 08-2300 (KSH)

**OPINION AND ORDER**

**Katharine S. Hayden, U.S.D.J.**

On May 12, 2008, *pro se* plaintiff Mary E. White ("White") brought this action against the Supreme Court of New Jersey and Chief Justice Stuart Rabner. Her submissions recount her three separate state court appeals and a petition for certification to the Supreme Court of New Jersey. She contends that her son was wrongfully placed in the exclusive custody of his father since 1995. She further alleges that the state courts deprived her of her parental rights without due process, that the state court judges ignored issues and falsely accused her of violating court orders, and that the state failed to provide her with an attorney in those proceedings. She seeks attorney's fees for the work she performed as a *pro se* litigant during the state court proceedings and a review of the state court decisions. Based on White's status as a *pro se* litigant, her submissions can be liberally construed two ways: (1) as a direct appeal from the decision of a state's highest court, and (2) as a civil action under 42 U.S.C. § 1983.

As a direct appeal from the decision of a state's highest court, this case must be dismissed for lack of jurisdiction. The Supreme Court of the United States has long held that its grant of

jurisdiction under 28 U.S.C. § 1257 to hear direct appeals from the decision of a state's highest court is exclusive.  District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  "Under what has come to be known as the Rooker-Feldman doctrine, Section 1257 is interpreted to prohibit lower federal courts from directly reviewing judicial decisions reached by the highest state courts."  Moore's Federal Practice § 406.02 (Matthew Bender 3d ed.).  The Court lacks the jurisdiction to grant any of the relief White seeks by way of direct appeal.

White also filed an application to proceed in this matter *in forma pauperis* ("IFP"). Based on the financial information she provided, the Court grants White's application to proceed IFP.  But this case fails as a § 1983 action.  28 U.S.C. § 1915(e)(2)(B)(iii) requires the Court to dismiss a case at any time if it determines that the action or appeal seeks monetary relief against a defendant who is immune from such relief.  "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly."  Stump v. Sparkman, 435 U.S. 349, 355-356 (1978) (quoting Bradley v. Fisher, 80 U.S. 335 (1872)). "Later [the Supreme Court] held that this doctrine of judicial immunity was applicable in suits under § 1 of the Civil Rights Act of 1871, 42 U.S.C. § 1983, for the legislative record gave no indication that Congress intended to abolish this long-established principle."  Id. at 356 (citing Pierson v. Ray, 386 U.S. 547 (1967)).  The courts of New Jersey enjoy absolute immunity from liability for the harms alleged by White.

White's submissions also make mention of pending state court proceedings.  The Supreme Court of the United States has consistently held that the federal courts must abstain from interfering with ongoing state proceedings except in extremely limited circumstances, none

of which present themselves here.  Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987); see also Huffman v. Pursue, Ltd., 420 U.S. 592, 603-605 (1975); Younger v. Harris, 401 U.S. 37, 43 (1971).  That doctrine is especially true where, as here, the state matter involves the state's compelling interest in family relations.

> Both theory and the precedents of this Court teach us solicitude for state interests, particularly in the field of family and family-property arrangements.  They should be overridden by the federal courts only where clear and substantial interests of the National Government, which cannot be served consistently with respect for such state interests, will suffer major damage if the state law is applied.

United States v. Yazell, 382 U.S. 341, 352 (1966).

Based on the forgoing, the Court grants IFP status and directs the Clerk to file the Complaint.  The Court further enters final judgment dismissing the Complaint for the above stated reasons, and directs the Clerk to close the case.

**SO ORDERED** this 28th day of May 2008.

/s/   Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.