UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NOT FOR PUBLICATION**

MARY E. WHITE,
        Plaintiff,

v.

SUPREME COURT OF NEW JERSEY, and
CHIEF JUSTICE STUART RABNER,
        Defendants.

Civ. Action No. 08-2300 (KSH)

**OPINION AND ORDER**

**Katharine S. Hayden, U.S.D.J.**

On May 28, 2008, the Court, acting pursuant to 28 U.S.C. § 1257 and 28 U.S.C. § 1915(e)(2)(B)(iii), entered an Order dismissing this matter for lack of jurisdiction and based upon well-established principles of judicial immunity. On June 10, 2008, *pro se* plaintiff Mary E. White ("White") timely filed a motion for reconsideration of the Court's Order. On July 23, 2008, White filed another submission seeking relief from the Court's May 28, 2008 Order. Federal Rule of Civil Procedure 59(e) provides that a motion for reconsideration "must be filed no later than 10 days after the entry of the judgment." Pursuant to Rule 59(e), the Court deems White's July 23 submission untimely and it will not consider the contentions set forth therein.

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest

1

injustice." Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

White's motion for reconsideration fails to cite to, nor has this Court found, a change in the controlling law, and she has not posited any evidence or made allegations not found in her complaint. She relies on the same facts and legal basis previously considered by this Court when she states:

> I am disgusted by the disrespect of Judge Hayden's statement that "the courts of New Jersey *enjoy* absolute immunity from liability for the harms alleged by [me]". My abused son, Jeffrey Florczak, and I continue to suffer immensely due to the harms resulting from the damaging imposition of the courts actions. For a judge to *enjoy* that is an issue of Moral Turpitude.

(Mot. for Reconsideration 3.) White also fails to identify a clear error of law or fact. Instead, she contends that the Court got it wrong and implies that the Court was motivated by some unexplained bias. She contends:

> Suspiciously, within nineteen days of mailing the Amended Notice of Appeal, Judge K. Hayden had decided the matter based on defunct documents from archives that twist the issue from attorney fees to jurisdiction and judicial liability. These actions have the earmarkings of a set-up.

(Mot. for Reconsideration 2.) This Court dismissed White's complaint because it does not have the authority to grant the relief she seeks, which includes an award of attorneys' fees. The Court may not act here and, for this reason, must also deny her motion for reconsideration.

**SO ORDERED** this 22nd day of August 2008.

/s/Katharine S. Hayden

Katharine S. Hayden, U.S.D.J.